UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' PENSION FUND, TRUSTEES OF; MICHIGAN LABORERS' HEALTH CARE FUND, TRUSTEES OF; MICHIGAN LABORERS' VACATION FUND, TRUSTEES OF; MICHIGAN LABORERS' TRAINING & APPRENTICESHIP FUND, TRUSTEES OF; MICHIGAN LABORERS' ANNUITY FUND, TRUSTEES OF; MICHIGAN LABORERS' AND EMPLOYERS' COOPERATION AND EDUCATION TRUST FUND, TRUSTEES OF; MICHIGAN LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

Case No.

U.S. District Judge:

U.S. Magistrate Judge:

     Plaintiffs,

v.

HARTLEY MASONRY, INC.,
a Michigan corporation; and
KARI LEE HARTLEY, individually,
and KARI LEE HARTLEY d/b/a
HARTLEY MASONRY SERVICES,
a Michigan sole proprietorship,

     Defendants.
_____/

**COMPLAINT**

1

Plaintiffs state for their Complaint against Defendants:

1. This is an action brought by trustees and fiduciaries of jointly administered, multi-employer benefit funds under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145, and Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a), to, *inter alia*, collect delinquent benefit contributions, interest and assessments against Defendants, and for the Defendants to produce their financial records for an audit.

**Jurisdiction**

2. Federal subject matter jurisdiction is based upon Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145.

**Parties**

3. The Michigan Laborers' Health Care Fund, Michigan Laborers' Pension Fund, Michigan Laborers' Vacation Fund, Michigan Laborers' Training & Apprenticeship Fund, Michigan Laborers' Annuity Fund, and Michigan Laborers' and Employers' Cooperation and Education Trust Fund (collectively "Funds") are jointly administered, multi-employer benefit funds.

4. Plaintiff Michigan Laborers' District Council of the Laborers' International Union of North America, AFL-CIO ("MLDC") is a labor

organization that enters into collective bargaining agreements ("CBAs") with employers, including CBAs that require employers to remit benefit contributions to the Funds.

5. Defendant Hartley Masonry, Inc. ("HMI") does business in the construction industry and its principal place of business is located at 3471 Woodridge Drive, Flushing, in Genesee County, Michigan. (Exhibit 1, HMI Corporate Business Records). Defendant HMI is owned and operated by Andrew Hartley and was incorporated in March 2014. *Id.* Defendant HMI is an employer as defined by Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section 3(g) of ERISA, 29 U.S.C. §1002(5).

6. Defendant Kari Lee Hartley is the president and owner of Hartley Masonry Services, a sole proprietorship and assumed name for Kari L. Hartley ("Kari/HMS") and its principal place of business is located at 3471 Woodridge Drive, Flushing, in Genesee County, Michigan. (Exhibit 2, DBA) Defendant Kari/HMS was an employer as defined by Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section 3(5) of ERISA, 29 U.S.C. §1002(5).

**ERISA Fringe Benefit Contributions And Other Obligations**

7. Defendants Kari/HMS and HMI are bound by a CBA with Local 1075 for the period January 2015 to present, which requires contributions to the Funds. (Exhibit 3, Collective Bargaining Agreement; Exhibit 4, Trust Agreements).

8. Under the terms of the CBA and related Trust Agreements and amendments, Defendants Kari/HMS and HMI are required to remit to the Funds contributions for all hours of covered work performed by their employees. (Ex. 3). Consistent with the CBA and related Trust Agreements, monthly reports must be filed and monthly fringe benefit contributions must be remitted no later than the fifteenth day of each month for the previous month's covered work. (*Id*. at p. 10).

9. The CBA and related Trust Agreements and amendments also require Defendants Kari/HMS and HMI to pay interest and assessments on contributions which are unpaid or remitted after their due date. *Id.*

10. Defendants Kari/HMS and HMI must also promptly furnish to the Plaintiffs all records concerning the classifications of its employees, including employee names and social security numbers, amount of wages paid and hours worked, location of work and any other payroll records and information which may be required in connection with the administration of the Funds to ensure that the appropriate contributions have been collected and recorded. *Id.*  Plaintiffs may examine the payroll records and books of Defendants Kari/HMS and HMI whenever such examination is necessary to the proper administration of the Funds. *Id.*

11. Defendants have, at all pertinent times, been integrated business enterprises with common ownership, common management, common business

purpose within the same geographical area (business and construction in mid-Michigan), common equipment and other assets, and common employees. Defendants constitute a single integrated business enterprise, single employer or alter ego, as Defendants are merely two faces of the same entity. (Ex. 1 and Ex. 2). As an alter ego of and/or a single employer, Defendants Kari/HMS and HMI are bound by the CBA. (See *Michigan BAC Health Care Fund, et al. v. Hartley Masonry Services Inc., et al,* USDC Eastern of Michigan Case No. 17-cv-12260, Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment, ECF No. 62).

**Breach of ERISA and the CBA**

12. From January 2015 to present, Defendants employed persons who performed work covered by the CBA.

13. As a result of work performed by these bargaining unit employees, Defendants became indebted for the payment of contributions pursuant to the terms of the CBA.

14. From January 2015 to present, Defendants failed to remit proper contributions to the Funds and failed to file proper monthly reports.

15. Plaintiffs sought to conduct a payroll audit of work performed under the HMI name for the period of January 2015 to present. (Exhibit 5, Letter to

5

HMS regarding audit). But, such records were not provided. Defendants' total indebtedness to Plaintiffs for benefit contributions and other amounts (including interest and audit assessments) is unknown and cannot be ascertained until the Defendants submit all necessary books and records for inspection and audit, which they have refused to do, despite the Funds' demand.

16. Upon information and belief, Plaintiffs owe approximately $157,000 in unpaid contributions, interest, and costs to the Funds.

### COUNT I—FAILURE TO SUBMIT RECORDS AND TO MAKE BENEFIT CONTRIBUTIONS AS A VIOLATION OF ERISA

17. Plaintiffs incorporate the allegations of the preceding paragraphs by reference.

18. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

19. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA. A suit may be brought to enjoin any act which violates ERISA and to obtain other appropriate legal and equitable relief to redress violations of ERISA and enforce the terms of the plan.

20. Defendants' failure to make contractually obligated monthly reports and fringe benefit contributions to the Funds violates ERISA.

21. Plaintiffs are entitled to all remedies under ERISA, including the payment of unpaid contributions, interest, "double interest" or liquidated damages, attorney's fees and costs, and injunctive relief. 29 U.S.C. §1132.

WHEREFORE, Plaintiffs request a Judgment against the Defendants as follows:

A. Adjudicating that Defendants Kari/HMS and HMI, are alter egos and/or a single employer and are obligated to Plaintiffs pursuant to the CBA;

B. Adjudicating that the Defendants are bound to the CBA with Local 1075 and pursuant to the CBA and applicable law, must pay benefit contributions to Plaintiffs for covered work;

C. Ordering Defendants to specifically honor all of the fringe benefit obligations pursuant to the CBA, including making proper and timely monthly remittances and monthly reports consistent with the terms of the CBAs and related Trust Agreements;

D. Ordering Defendants to produce all records needed for a complete audit for the period January 2015 to present, including all records needed to audit work performed under the HMI name, so Plaintiffs can determine the total delinquency owed by the Defendants;

E.      Awarding Plaintiffs amounts owed for work performed under the HMI name from January 2015 to present, together with attorney's fees and costs;

F.      Awarding Plaintiffs all amounts shown to be due by such audit, including benefit contributions, interest, audit assessments and audit costs, together with additional attorney's fees and costs, pursuant to 29 U.S.C. §1132(g)(2) and Plaintiffs' plan documents; and

G.      Granting Plaintiffs all legal and equitable relief (including injunctive and equitable relief) to which they are entitled.

**COUNT II—FAILURE TO SUBMIT TO AN AUDIT AND MAKE BENEFIT CONTRIBUTIONS AND REPORTS IN VIOLATION OF THE CBA AND TRUST AGREEMENTS**

22.     Plaintiffs incorporate the allegations of the preceding paragraphs by reference.

23.     Section 301(a) of the LMRA, 29 U.S.C. §185(a), provides a federal forum to enforce labor contracts, including the contractual promise to pay contributions. Plaintiff Trustees and the Funds are third-party beneficiaries of the CBA and/or other written agreements.

24.     Defendants have breached the CBA and Trust Agreements incorporated into the CBA by failing to submit to an audit, file proper monthly reports and pay contributions and other amounts to the Funds.

8

25. Under the CBA and Trust Agreements and other written agreements, Plaintiffs are entitled to the records needed for an audit and to unpaid contributions, interest, audit assessments, late payment assessments and attorney's fees and costs owed under the CBA.

WHEREFORE, Plaintiffs request a Judgment against Defendants for:

A. Adjudicating that Defendants Kari/HMS and HMI are alter egos and/or a single employer and are obligated to Plaintiffs pursuant to the CBA;

B. Adjudicating that the Defendants are bound to the CBA, and pursuant to the CBA and applicable law, must pay benefit contributions to Plaintiffs for all covered work;

C. Ordering the Defendants to specifically honor all the fringe benefit obligations pursuant to the CBA, including making proper and timely monthly remittances and monthly reports consistent with the terms of the CBA and related Trust Agreements;

D. Ordering Defendants to produce all records needed for a complete audit for the period January 2015 to present, including all records needed to audit work performed under the HMI name, so Plaintiffs can determine the total delinquency owed by the Defendants;

E. Awarding Plaintiffs amounts owed for work performed under the HMI name from January 2015 to present, together with attorney's fees and costs;

F. Awarding Plaintiffs all amounts shown to be due by such audit, including benefit contributions, interest, audit assessments and audit costs, together with additional attorney's fees and costs, pursuant to 29 U.S.C. §1132(g)(2) and Plaintiffs' plan documents; and

G. Granting Plaintiffs all legal and equitable relief (including injunctive and equitable relief) to which they are entitled.

## COUNT III—ALTER EGO/SUCCESSOR LIABILITY

26. Plaintiffs incorporate the allegations of the preceding paragraphs by reference.

27. Kari/HMS is principally operated and controlled by Kari Lee Hartley.

28. HMI is principally operated and controlled by Andrew Hartley.

29. Kari/HMS and HMI interchangeably use each other's employees to perform covered work.

30. Kari/HMS and HMI use the same supplies, materials, equipment and office staff.

31. Kari/HMS and HMI interchangeably fund the operations of one another.

32. Andrew Hartley founded HMI to avoid fringe benefit obligations and to circumvent his obligations under the CBA.

33. HMI is a subterfuge for the activities of Kari/HMS, and was formed for the sole purpose of allowing Kari/HMS to evade its contractual obligations.

34. HMI is the alter-ego/successor of Kari/HMS and therefore, is bound to the terms and conditions of the CBA currently existing between Kari/HMS.

35. The failure of HMI to pay fringe benefit contributions in accordance with the CBA is a violation of its contractual obligation under the CBA and statutory obligation under ERISA.

36. Pursuant to the terms of the CBA, 29 U.S.C. §1145, and 29 U.S.C. §1049, Kari/HMS and HMI are required to make timely fringe benefit contributions due to the Funds, and are required to submit to an audit of their payroll records, to verify the accuracy of said contributions.

37. HMI, as the alter-ego/successor of Kari/HMS, is liable for fringe benefit contributions for all work performed under its name that is covered by the CBA, and further is jointly liable for all fringe benefit contributions owed by Kari/HMS.

38. The Funds are third-party beneficiaries of the CBA.

39. The Funds have been damaged in an amount to be determined by an audit.

40. Kari/HMS and HMI have been adjudicated to be alter egos in *Michigan BAC Health Care Fund, et al. v. Hartley Masonry Services Inc., et al,*

USDC Eastern of Michigan Case No. 17-cv-12260, Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment, ECF No. 62.  (Exhibit 6, Opinion and Order).

      WHEREFORE, Plaintiffs request a Judgment against Defendants for:

A.    Adjudicating that Defendants Kari/HMS and HMI are alter egos and/or a single employer and obligated to Plaintiffs pursuant to the CBA;

B.    Adjudicating that Defendants are bound to the CBA, and pursuant to these CBA and applicable law, must pay benefit contributions to Plaintiffs for all covered work;

C.    Ordering Defendants to specifically honor all the fringe benefit provisions of the CBA, including making proper and timely monthly remittances and monthly reports consistent with the terms of the CBA and related Trust Agreements;

D.    Ordering Defendants to produce all records needed for a complete audit for the period January 2015 to present, including all records needed to audit work performed under the HMI name, so Plaintiffs can determine the total delinquency owed by the Defendants;

E.    Awarding Plaintiffs amounts owed for work performed under the HMI name from January 2015 to present, together with attorney's fees and costs;

F. Awarding Plaintiffs all amounts shown to be due by such audit, including benefit contributions, interest, audit assessments and audit costs, together with additional attorney's fees and costs, pursuant to 29 U.S.C. §1132(g)(2) and Plaintiffs' plan documents; and

G. Granting Plaintiffs all legal and equitable relief (including injunctive and equitable relief) to which they are entitled.

/s/ Lauren E. Crummel
Lauren E. Crummel (P73333)
Christopher P. Legghio (P27378)
Legghio & Israel, P.C.
306 South Washington Avenue, Suite 600
Royal Oak, MI 48067-3837
248.398.5900
cpl@legghioisrael.com
crummel@legghioisrael.com

Attorneys for Plaintiffs

May 13, 2019